# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATRICIA J. SALLIS,
        Plaintiff,

v.                                                                                             Case No. 07C1091

AURORA HEALTH CARE,
        Defendant.

## DECISION AND ORDER

Plaintiff Patricia J. Sallis, proceeding pro se, has filed this action against defendant Aurora Health Care ("Aurora"), alleging that in terminating her employment as a security officer, Aurora discriminated against her based on her race, sex and age. Over the last several months, the parties have filed a number of motions, which I address below.

Aurora terminated plaintiff in August 2006 after it discovered that plaintiff spent one of her night shifts in her car, rather than patrolling the facility to which she was assigned. The morning after the shift, plaintiff's supervisor learned from another Aurora employee that plaintiff had not been seen for a period of five hours. The supervisor checked the facility's security tapes, which showed plaintiff leaving the building at 11:40 p.m. and not returning until 4:57 a.m. the next morning. The supervisor also checked the activity log completed by plaintiff during her shift. The log reported that plaintiff had patrolled the interior of the building during times when, according to the security tapes, she could not have been in the building. Based on this investigation, plaintiff's supervisor concluded that plaintiff had been negligent in the performance of her duties and that she had falsified the activity log. As a result, Aurora terminated her employment.

Plaintiff contends that the discipline that she received for her misconduct was too harsh, and that Aurora has treated other similarly-situated employees less severely. (Plaintiff also seems to contend that she did not do anything wrong in the first place.) Plaintiff alleges that Aurora's motivation for treating her unequally was discrimination based on her race (Black), sex, and age (she was 45 at the time of her termination).

After her termination, plaintiff filed charges of discrimination with both the Equal Employment Opportunity Commission ("EEOC") and the Equal Rights Division of the Wisconsin Department of Workforce Development ("ERD"). The EEOC dismissed her claim and notified her of her right to sue. Plaintiff commenced the present action on December 5, 2007.

On April 10, 2008, I held an initial pretrial conference with the parties pursuant to Federal Rule of Civil Procedure 16. After the conference, I issued a scheduling order stating that "[a]ll requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **September 30, 2008**." (Docket #22, ¶5 (emphasis in original).) The order also stated that it would not be modified "except upon a showing of good cause and by leave of court."

Apparently, plaintiff waited until the last minute to conduct discovery. On September 24, 2008, she filed with the court a copy of a set of interrogatories and requests for the production of documents that she signed on September 23, 2008. The instructions that plaintiff attached to her interrogatories state, in accordance with the Federal Rules of Civil Procedure, that Aurora's responses would be due in thirty days. Because the due date for Aurora's responses was thus several weeks past the September 30, 2008, close of

2

discovery, Aurora refused to respond. On October 3, 2008, plaintiff filed a motion to compel Aurora's responses.

Meanwhile, on October 15, 2008, Aurora filed its motion for summary judgment. Although plaintiff did not file a brief in response to Aurora's motion, on November 17, 2008, plaintiff did file a motion pursuant to Federal Rule of Civil Procedure 56(f) asking that a decision on the motion be deferred until the court has ruled on plaintiff's motion to compel. Plaintiff also submitted various affidavits and other documentary evidence in opposition to defendant's motion for summary judgment. Aurora opposes plaintiff's Rule 56(f) motion and her motion to compel.

It is clear that plaintiff served her discovery requests so late in the discovery period that Aurora's refusal to respond was justified. It is also clear that even though plaintiff is pro se, she should have known that she needed to serve her discovery requests at least thirty days prior to the close of discovery. The scheduling order clearly stated that discovery had to be <u>served</u> by a date sufficiently early so that all discovery would be <u>completed</u> no later than September 30, 2008. As noted, plaintiff typed instructions on her interrogatories stating that Aurora's responses were due in thirty days. Thus, when she served her discovery requests on September 23, plaintiff knew that Aurora's responses would not be due until after the close of discovery. Accordingly, plaintiff should have known that her discovery requests were untimely. For this reason, it would be well within my discretion to deny plaintiff's motion to compel. Even pro se litigants must follow court rules and obey court-imposed deadlines. <u>See, e.g.</u>, <u>Jones v. Phipps</u>, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines.").

3

However, Federal Rule of Civil Procedure 16(b)(4) provides that I may modify a schedule if the party seeking modification shows good cause. Again, because plaintiff should have known that her discovery requests were untimely, I am hesitant to find good cause to modify the schedule and require that Aurora respond to plaintiff's untimely requests. On the other hand, I have reviewed plaintiff's submissions and am satisfied that she has not been dilatory in her litigation of this matter. Plaintiff has no legal training, and thus she has had to research even the most basic aspects of civil procedure, with the result that it takes her much longer to complete tasks. Further, it appears from the record that during the short discovery period for this case, plaintiff had been litigating her claim before the ERD. Asking a pro se plaintiff to litigate on two fronts and complete discovery within only a few months is somewhat unrealistic. Therefore, I find that plaintiff has shown good cause for her failure to abide by the scheduling order. I will order that Aurora respond to plaintiff's outstanding discovery requests within thirty days of the date of this order. However, once Aurora has completely responded to plaintiff's outstanding requests, all discovery in this case will be deemed complete.

Briefing on Aurora's motion for summary judgment will be held in abeyance until Aurora has responded to plaintiff's outstanding discovery. Plaintiff will then have until April 17, 2009, to file her brief and supporting materials in opposition to Aurora's motion for summary judgment. Aurora's reply brief in support of its motion will be due on May 11, 2009. After receiving Aurora's reply brief, the court will decide the motion.

I note that plaintiff has already filed affidavits and other documentary evidence in opposition to Aurora's motion for summary judgment. To avoid confusion over what materials plaintiff plans to rely on in opposition to Aurora's motion, I will order plaintiff to re-

4

Case 2:07-cv-01091-LA    Filed 02/18/09    Page 4 of 7    Document 54

file on April 17, 2009, any affidavits and other materials that she plans to rely on in opposition to Aurora's motion for summary judgment. Thus, in ruling on Aurora's motion for summary judgment, the court will not consider the affidavits and materials filed by plaintiff on November 17, 2008, November 26, 2008, or December 19, 2008. Anything that plaintiff included in these prior filings that she wants the court to consider in connection with Aurora's summary judgment motion must be re-filed with her response materials on April 17, 2009.

I now address the remaining motions filed by plaintiff over the last several months. On September 29, 2008, plaintiff renewed her motion to appoint counsel. I previously denied plaintiff's motion to appoint counsel on the ground that plaintiff appears capable of representing herself. I have seen nothing that changes my mind and thus I will again deny the motion.

On September 30, 2009, plaintiff filed a motion to amend her expert witness list. Aurora has not opposed this motion, but that might be because Aurora was never served with it. Plaintiff did not file a certificate of service with the motion, and thus I do not know whether Aurora has ever seen it. Plaintiff is reminded that she must serve Aurora's counsel with copies of <u>everything</u> that she files with the court and must include with each court filing a certificate of service in which she certifies that she has made such service. From now on, the court will ignore any document that is not accompanied by a certificate of service. Also, because of plaintiff's failure to file a certificate of service with her motion to amend her expert witness list, I will deny the motion. However, plaintiff should confer with Aurora's counsel, who might agree to the amendment. If counsel does not so agree,

5

plaintiff may file a new motion to amend her witness list, which the court will consider if it is properly served.

Finally, on December 19, 2008, plaintiff filed a motion to supplement the summary judgment record with certain additional evidence. As stated above, I will not consider this evidence unless plaintiff re-files it with her response to Aurora's summary judgment motion on April 17, 2009. Thus, the motion will be denied. Again, however, plaintiff is free to re-file her evidence on April 17, 2009.

## CONCLUSION

For the reasons stated,

**IT IS ORDERED** that plaintiff's motion to appoint counsel (Docket #29) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend her expert witness list (Docket #30) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (Docket #39) is **GRANTED**. Defendant shall respond to plaintiff's outstanding discovery requests within 30 days of the date of this order.

**IT IS FURTHER ORDERED** that plaintiff's motion to extend the time to file her response to Aurora's motion for summary judgment (Docket #40) is **GRANTED**, as follows: Briefing on Aurora's motion for summary judgment is held in abeyance pending Aurora's responses to plaintiff's outstanding discovery requests. Plaintiff's response to Aurora's motion for summary judgment (including her brief, affidavits, and all other supporting materials) is due on **April 17, 2009**. Aurora's reply materials in support of its motion are due on **May 11, 2009**. The court will not consider any materials previously filed by plaintiff

6

in opposition to Aurora's motion for summary judgment unless plaintiff re-files them on April 17, 2009.

**FINALLY, IT IS ORDERED** that plaintiff's motion to supplement the summary judgment record (Docket #47) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 18 day of February, 2009.

/s_____
LYNN ADELMAN
District Judge

Case 2:07-cv-01091-LA    Filed 02/18/09    Page 7 of 7    Document 54