# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PATRICIA J. SALLIS,**
        **Plaintiff,**

v.                          Case No. 07C1091

**AURORA HEALTH CARE,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Patricia J. Sallis, proceeding pro se, filed this action against her former employer, defendant Aurora Health Care ("Aurora"), alleging that Aurora discriminated against her based on her race, sex and age in violation of both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 - 634. Before me now is defendant's motion for summary judgment.

### I. BACKGROUND

Aurora employed plaintiff from October 21, 1982 until August 16, 2006, most recently as a security officer at one of its facilities. Aurora terminated plaintiff after it discovered that plaintiff spent one of her night shifts in her car, rather than patrolling the facility to which she was assigned. The morning after the shift, plaintiff's supervisor learned from another Aurora employee that plaintiff had not been seen for a period of five hours. The supervisor checked the facility's security tapes, which showed plaintiff leaving the building at 11:40 p.m. and not returning until 4:57 a.m. the next morning. The supervisor also checked the activity log completed by plaintiff during her shift. The log reported that plaintiff had patrolled the interior of the building during times when, according

to the security tapes, she could not have been in the building. Based on this investigation, plaintiff's supervisor concluded that plaintiff had been negligent in the performance of her duties and that she had falsified the activity log. After suspending plaintiff and completing the investigation described above, Aurora terminated plaintiff's employment.

Plaintiff contends that the discipline that she received for her misconduct was too harsh, and that Aurora has treated other similarly situated employees less severely. Plaintiff alleges that Aurora's motivation for discharging her was discrimination based on her race (Black), sex, and age (she was 45 at the time of her termination).

Plaintiff also alleges other instances of discrimination. First, she alleges that Aurora disciplined her for excessive absenteeism and that this discipline was imposed because of her race, sex and age. Second, she alleges that in 2006 she was denied a merit increase in her pay on account of her race, sex and age. Finally, in her brief in opposition to defendant's motion for summary judgment, plaintiff for the first time alleges numerous other acts of discrimination.

## II. PLAINTIFF'S JUNE 18, 2009 FILINGS

Before proceeding to a discussion of defendant's motion for summary judgment, I must address a housekeeping matter. On May 28, 2009, I issued an order striking a number of plaintiff's filings for failure to serve them on defendant. In that same order, I noted that plaintiff's brief in opposition to defendant's motion for summary judgment was overdue. I granted plaintiff an extension of time to file her brief but warned her that her brief and supporting materials had to be filed no later than June 12, 2009 and that I would grant no further extensions. Shortly before midnight on June 12, 2009, plaintiff filed her brief and supporting materials. (Docket ## 63-70.) However, six days later, on June 18,

2

2009, plaintiff filed a "corrected" brief and additional materials in support of her motion for summary judgment. (See Docket #71.) In her cover letter accompanying the June 18 filings, plaintiff asked the court to accept these additional documents even though they were untimely. However, she did not provide any explanation (other than inadvertence and neglect) for her failure to file those documents on time despite my prior warning that no further extensions would be granted. Defendant has requested that the June 18 filings be stricken as untimely. (Reply Br. at 4.)

In light of my prior warning, plaintiff's pattern of violating court rules and court orders (see Docket ## 54 & 62),[1] and the lack of a showing of good cause for her failure to file her June 18 papers on time, I find that I must strike plaintiff's June 18 filings. The only documents that I will consider in opposition to defendant's motion are those that plaintiff filed on June 12, 2009.

### III. DISCUSSION

Summary judgment is appropriate only when the materials before the court demonstrate "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Miller v. American Airlines, Inc., 525 F.3d 520, 523 (7th Cir. 2008). In the present case, plaintiff attempts to overcome defendant's motion for summary judgment through use of the "indirect method" of proof, pursuant to McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). (See Br. [Docket

---

[1] Plaintiff also appears to have again failed to properly serve defendant with her summary judgment materials. (See Def.'s Resp. to Pl.'s Prop. Findings of Fact at pp. 1-3.) However, defendants have responded to the proposed findings, and therefore I will not strike them. Nonetheless, this serves as yet another example of plaintiff's refusal to follow court rules and orders.

3

#63] at 27.) Under the indirect method, a plaintiff must first establish a prima facie case by showing that she is a member of a protected class, that she was meeting her employer's legitimate expectations, that she suffered an adverse employment action, and that similarly situated individuals were treated more favorably than she was. E.g., Farr v. St. Francis Hosp. and Health Centers, 570 F.3d 829, 833 (7th Cir. 2009). If plaintiff establishes a prima facie case, defendant must provide a nondiscriminatory reason for the employment action. If it does, the plaintiff must show that the reason is pretextual. Id.

### A. Dismissal of Claims Not Included in EEOC Charge

Before proceeding to the merits of plaintiff's claims, I note that plaintiff alludes in her brief to numerous alleged acts of discrimination that were not included in her Equal Employment Opportunity Commission ("EEOC") charge or in her complaint in the present case. Any claims that were not raised in plaintiff's EEOC charge cannot be pursued in court and, therefore, must be dismissed. See, e.g., Teal v. Potter, 559 F.3d 687, 691 (7th Cir. 2009) ("'[A] Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge.'"). Plaintiff raised only two claims in her EEOC charge: (1) her claim that in 2004 Aurora disciplined her for excessive absenteeism and that this discipline was motivated by her race, sex and age, and (2) her claim that her discharge on August 16, 2006 was motivated by race, sex and age. (Ninneman Aff., Oct. 15, 2008, Ex. 1.) I address the merits of these two claims below. All other claims are dismissed as outside the scope of the EEOC charge.[2]

---

[2] It appears that plaintiff attempted to raise a retaliation claim during the EEOC proceedings but an EEOC investigator advised her to drop the issue. Assuming that this advice excuses plaintiff's failure to assert a retaliation claim in her EEOC charge, however, plaintiff has not produced enough evidence to survive summary judgment on this claim.

4

**B.     Claim Based on Discipline for Excessive Absenteeism**

In her EEOC charge, plaintiff included the following allegation: "During my employment, I have been disciplined for attendance, but similarly situated coworkers were not disciplined for attendance infractions." (Ninneman Aff., Oct. 15, 2008, Ex. 1.) In her complaint in the present action, plaintiff does not include any allegations relating to this alleged act of discrimination. (See generally Compl. [Docket #1].)[3] Although plaintiff discusses "attendance issues" in her brief in opposition to defendant's motion for summary judgment (Br. [Docket #63] at 32), she does not explain the factual basis for this claim or identify any adverse employment action that resulted from the discipline. She states only that she "had received prior minor discipline from Aurora concerning attendance issues." (Id.) Because plaintiff has not identified any harm that resulted from this discipline, plaintiff has not shown that she suffered an adverse employment action, and for this reason she has failed to establish a prima facie case under the indirect method.

---

Plaintiff's only evidence of retaliation is that after Aurora suspended her pending its investigation into her actions during the night she spent in her car, but before it decided to terminate her, plaintiff presented Aurora with a letter from an attorney suggesting that plaintiff was being singled out for disparate treatment due to her race, sex and age. After receiving this letter, Aurora decided to terminate plaintiff. Plaintiff infers retaliation from the fact that her termination occurred shortly after Aurora received this letter. However, timing alone is generally not sufficient to raise an inference of retaliation. E.g., Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913, 918 (7th Cir. 2000). And in the present case, the timing of Aurora's decision in relation to the letter was not suspicious. Aurora had suspended plaintiff and commenced its investigation into her actions before receiving any complaint about discrimination, and thus receipt of the letter, standing alone, does not raise an inference that Aurora's ultimate decision to terminate plaintiff was made on the basis of retaliation. See Henry v. Milwaukee County, 539 F.3d 573, 587 (7th Cir. 2008).

[3]Plaintiff filed an "amended pleading" on April 21, 2008. (See Docket #23.) Like her complaint, her amended pleading contains no allegations regarding discipline for absenteeism.

5

Moreover, plaintiff has not established a prima facie case because she has not shown that similarly situated employees were treated less favorably than she was. Although in her brief plaintiff identifies other employees who, according to her, had "attendance issues similar to [hers]" but "received less harsh disciplinary treatments," plaintiff offers no evidentiary support for these conclusory allegations. (Br. [Docket #63] at 32.) She does not explain the disciplinary treatment that either she or the other employees received, and thus I cannot determine whether plaintiff's former co-workers were treated more favorably than she was. Further, she does not provide any information about her former co-workers that would enable me to conclude that they were "similarly situated." She states in conclusory fashion that their attendance issues were similar, but she does not provide any factual information demonstrating that their issues were, in fact, similar. Therefore, for these reasons also, plaintiff has failed to establish a prima facie case under the indirect method.

**C.     Claim Based on Discharge for Falsification of Activity Log**

Plaintiff's primary argument is that Aurora terminated her employment on August 16, 2006 because of her race, sex and age. As indicated, Aurora learned that plaintiff had spent one of her night shifts – the night of August 7 to 8, 2006 – in her car rather than patrolling the facility. That night, plaintiff wrote "exterior/interior" in the "Location" box of her activity log on lines corresponding to times when, according to the security tapes, plaintiff was outside the facility in her car. In Aurora's view, these entries were false because they indicated that plaintiff had been patrolling the interior of the building during times when she was outside in her car. After conducting an investigation and determining that plaintiff had neglected her duties and falsified a record, Aurora terminated plaintiff's employment.

6

Although plaintiff never clearly describes her version of the events that occurred on August 7 to 8, 2006, from what I have been able to piece together from her various filings, it appears that her side of the story is that she was not feeling well that night and was more comfortable in her car than in the facility. She thought that it was acceptable to spend her shift in her car rather than patrolling the facility, because she could observe the facility from her car. She also thought that she had, in fact, patrolled the interior of the building from her car because she could see through the facility's windows and observe what was going on inside. Therefore, she believes that her entries of "exterior/interior" were accurate, and that Aurora was wrong to fire her for falsification of the log.

Whether or not Aurora was correct to conclude that plaintiff had falsified the log, however, it is undisputed that Aurora conducted an investigation into the matter and concluded that plaintiff's actions constituted neglect of duty and falsification of an Aurora record. Further, Aurora has established that it had a policy pursuant to which it would terminate an employee who was found to have falsified an Aurora record. (Def.'s Prop. Finding of fact ¶ 22.)[4] Plaintiff offers no evidence suggesting that Aurora's handling of the incident was influenced by her race, sex or age. Further, she can point to no other similarly situated employee that was treated differently. She does not, for example, show that other employees who were found to have falsified records were not discharged. Nor does she show that other employees were allowed to spend entire shifts in their cars or that other employees were not disciplined for noting that they had patrolled the interior of a building

---

[4]Although plaintiff disputes defendant's proposed finding ¶ 22, her reason for disputing it is that she believes she completed her log truthfully. Plaintiff does not dispute that Aurora's policy was to terminate employees who were found, pursuant to an Aurora internal investigation, to have falsified records.

7

during times when, in fact, they were seated in their cars. Finally, plaintiff points to no employees who were treated more favorably than her under circumstances that are even remotely comparable to hers.[5]

Accordingly, plaintiff has not established a prima facie case under the indirect method, and defendant's motion for summary judgment will be granted.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file corrected documents is **DENIED** and that her June 18, 2009 filings are **STRICKEN** from the record.

**FINALLY, IT IS ORDERED** that the clerk of court enter final judgment.

Dated at Milwaukee, Wisconsin, this 14 day of August, 2009.

/s_____
LYNN ADELMAN
District Judge

---

[5]To be sure, plaintiff in her brief identifies other employees by name and asserts that they were similarly situated to her but treated more favorably. However, she does not submit any evidence showing that, in fact, those employees were similarly situated or treated more favorably. She offers only her unsupported, conclusory opinion.

8